MEMORANDUM OPINION
{¶ 1} On October 14, 2003, appellants, Gilbert Leo Johnson and Marigold Johnson, filed a notice of appeal from a September 15, 2003 judgment of the Lake County Court of Common Pleas. In that judgment, the trial court denied appellants' motion for leave to file a supplemental brief opposing a motion for summary judgment which had been filed by appellee, Towne Investment II, Inc.
{¶ 2} On November 4, 2003, appellee filed a motion to dismiss this appeal due to lack of a final appealable order. Appellants have not filed a response. Appellee asserts that the denial of a motion for leave to file a supplemental brief is not a final appealable order. We agree.
{¶ 3} R.C. 2505.02(B) provides as follows:
{¶ 4} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
{¶ 5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
{¶ 6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
{¶ 7} "(3) An order that vacates or sets aside a judgment or grants a new trial;
{¶ 8} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
{¶ 9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
{¶ 10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
{¶ 11} "(5) An order that determines that an action may or may not be maintained as a class action."
{¶ 12} It is clear that the denial of a motion for leave to file a supplemental brief does not fall within any of these five categories of final appealable orders. It did not in effect determine the action or prevent a judgment, nor did it affect a substantial right. A final judgment has not yet been rendered in this case. Thus, this court does not have jurisdiction to consider this appeal.
{¶ 13} Accordingly, appellee's motion to dismiss this appeal is hereby granted.
{¶ 14} The appeal is dismissed.
Appeal dismissed.
Judith A. Christley and William M. O'Neill, JJ., concur.